Nash, J,
 

 Two questions are presented by the case for our consideration. The indiotment charges the steal» fug of a hog ; is it sustained by the evidence ? An indictment for larceny must describe the article stolen with a certainty sufficient to identify it, and this for the purpose not only of enabling the Judge to sec upon its face that tiie article is of value ; but also for the protection of the accused, to enable him to show, if subsequently called
 
 *211
 
 into Court to answer for the offence, that ho has already been convicted or acquitted of its commission. 4
 
 Bl.
 
 (X 306. And the evidence must correspond with the description of the property laid. Great strictness has been observed by the Court in the application of this rule.. When a statute enumerates several different kinds of animals, as being the subject of larceny; in an indictment on the statute, the animal alleged to be stolen must be described, and proved to be, of th'e particular description specified in the statute. Thus, an indictment for stealing a cow can not be supported by proof of the stealing of a heifer,
 
 Rex
 
 v.
 
 Cooke,
 
 1 Leach 105.
 
 2 East. P. C.
 
 610, when the statute, under which the party was indicted, mentioned both cows and heifers. So also an indictment for stealing a sheep is not supported by proof of stealing a lamb, because the statute enumerates both sheep and lambs.
 
 Rex
 
 v.
 
 Loom,
 
 Russ, and Mylne, 160. These cases are under statutes taking away the benefit of clergy.. But even under statutes, 2d and 3d
 
 Ed.
 
 6 th, against horSe stealing, it has bden decided that foals and fillies are not included, because the statute mentions only the grown animals.
 
 Willand’s case,
 
 1st Russ, and lly. Ca. C. 494. Here the indictment is for stealing a hog and the evidence is that it was a shoat.For animals of this description swine is the original generic term. But the legislature of this State, in legislating on the subject of mismarking, use the term hog as the generic term and consider all animals of that kind as hogs irrespective of their ages. In
 
 Reu. Blat.
 
 ch. 17, sec. 1, it is enacted, that “ all persons shall ear mark their hogs from six months old and upwards.” From six months old they are designated as hogs to bo marked — .under that age they are still hogs, but there is no obligation to mark them. We think the description sufficiently specific, and that his Honor was correct in over-ruling the objection. The Court sees that the article, alleged to be stolen is of value in the eye of the law, and, if prosecuted a second
 
 *212
 
 time for stealing it, the defendant would bo at liberty to show by parol testimony, as in other cases, the identity of the article.
 

 Another objection is urged against the conviction. It appears that the owner is described in the indictment, as Elizabeth Moore; in evidence it was shewn that she was called “ Betsy Moore.” The Court was requested to direct an acquittal for this variance. This request was properly refused. In indictments for offences agaiust the person or property of another, the Christian and surname of the party injured, if known, must be stated, and the name so stated must be either the real name or that by which ho is usually known. Either is sufficient,
 
 Rex
 
 v.
 
 Norton,
 
 1 Russ. & Ry. 510, and it is a question of fact to be decided by the jury, whether he is known by both names. If therefore the prisoner wish to avail himself of the objection, he ought to request the Judge to instruct the jury, that if they found the fact to be, that the name, given in the indictment to the owner of the property stolen, was not his true name, or that he was not known by it, they should acquit the prisoner. Thus in this case the defendant ought to have required the Judge to charge the jury, that if the owner of the hog was not known by the name of Elizabeth Moore, or that it was not her name, they should acquit the prisoner. ‘
 

 This however was not the course pursued. The counsel .asked for no instruction to the jury as to the fact, but that his Honor should decide the fact himself and direct an acquittal. This was properly refused. We concur with fhe presiding Judge on both'points.
 

 PsR CufeiAM, Ordered to be certified accordingly